| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | <u>NOT FOR PUBLICATION</u> |

| | |
|---|---|
| EVELYN RAMIREZ,<br>　　　　　　　　　　　Plaintiff,<br>　　　- versus -<br>JOHN / JANE DOE,<br>　　　　　　　　　　　Defendant. | <u>ORDER</u><br>12-CV-4149 |
| EVELYN RAMIREZ,<br>　　　　　　　　　　　Plaintiff,<br>　　　- versus -<br>ROCKEFELLER GROUP,<br>　　　　　　　　　　　Defendant. | 12-CV-4150 |

JOHN GLEESON, United States District Judge:

On August 14, 2012, plaintiff Evelyn Ramirez initiated these two *pro se* actions. Solely for the purpose of this Order, I grant Ramirez's request to proceed *in forma pauperis* and I consolidate the actions. For the reasons discussed below, I dismiss both complaints.

DISCUSSION

In one complaint, *Ramirez v. John / Jane Doe*, Ramirez sues an unnamed defendant who resides at "Anywhere, USA." Compl. at 1, No. 12 Civ. 4149, ECF No. 1. Ramirez asserts that this Court has jurisdiction pursuant to "State of NY for Corporate share, and residence: 325 48 St, Bklyn, and art work," and seeks relief consisting of "an appeal from State Courts in NYC for damages of my paper work." *Id.* The claims she asserts and the injury she alleges are far from clear, but Ramirez appears to complain about matters relating to and/or stemming from the death of her father.

In the other complaint, *Ramirez v. Rockefeller Group*, Ramirez sues the Rockefeller Group, purportedly comprised of D. Rocke and N. Rocke, both of whom she alleges reside at 1281 Avenue of the Americas. Compl. at 1, No. 12 Civ. 4150, ECF No. 1. In this complaint, Ramirez specifies no basis for federal jurisdiction and seeks damages of $300 million per year. *Id.* Ramirez appears to allege that she received a gift or inheritance from Nelson Rockefeller, but the nature of her claim is unclear.

Because the complaints fail to allege a proper basis for subjection matter jurisdiction, I must dismiss them. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists . . . ."). The complaints do not allege claims that arise under federal law. Nor do they allege complete diversity of the parties: Ramirez appears to be a citizen of New York and the allegations she supplies do not suggest that defendants in either case are diverse. *See Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) ("The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." (quoting *Sharkey v. Quarantine*, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted)). The Court therefore cannot assert jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 or § 1332 or upon any other basis.

## CONCLUSION

The complaints are hereby dismissed for lack of subject matter jurisdiction. *In forma pauperis* status is denied for the purpose of appeal because any appeal from this Order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

So ordered.

John Gleeson, U.S.D.J.

Dated: August 24, 2012
Brooklyn, New York